EDWARDS v. SHEVITZ.

Civ. No. 10616.

United States District Court
E. D. Michigan, S. D.

Oct. 26, 1951.

Dee Edwards, Detroit, Mich., for plaintiff.

Alvin B. Lynn, Detroit, Mich., for defendant.

LEVIN, District Judge.

There is no dispute on the facts in this case and both parties have asked for a summary judgment.

Plaintiff is the tenant of a building registered with the Office of Rent Stabilization as having twenty-nine rooms and a ceiling rent of One Hundred Seventy-Five ($175.-00) Dollars. Plaintiff has paid Three Hundred ($300.00) Dollars a month rental since 1949 and now seeks triple damages as provided by law in cases of willful violation of the ceiling rent regulations.

The defense is based on Sec. 1(b)(IV) (a) of the Housing Regulations providing for exemption from the regulations as follows: "Structures subject to underlying leases. (a) Entire structures or premises wherein more than 25 rooms are rented or offered for rent by any lessee, sublessee or other tenant of such entire structure or premises. * * *"

The building leased by plaintiff contains twenty-nine rooms exclusive of bathrooms and hallways, and all of those rooms have been "rented or offered for rent" during the entire period for which plaintiff claims overcharge.

However, plaintiff contends that a special definition of the word "room" found in the Rooming House Regulations applies to the pertinent section of the Housing Regulations quoted above. The Rooming House Regulations provide: " 'Room' means a room or group of rooms, not constituting an apartment, rented or offered for rent as a housing accommodations unit in a rooming house, hotel, or other establishment."

It is agreed that the twenty-nine rooms are split in a manner by which they are rented to fifteen tenants as fifteen "housing accommodations units" or fifteen "rooms or group of rooms, not constituting an apartment." The issue is whether or not this definition is applicable to the Housing Regulations so that this building must be considered as having fifteen rooms, and therefore must be found not to be exempted from the provisions of the Housing Regulations.

The Housing Regulations and the Rooming House Regulations are two entirely separate groups of regulations. An examination of both sets of regulations indicates that they are meant to be self-contained and independent, sets of rules. Both sets of regulations contain a section setting forth special definitions of words used therein—a fact that indicates that the meaning of words used in one set of regulations was not to be sought outside those regulations and the customary usage of words. If the special definition of the word "room" appearing in the Rooming House Regulations was intended as applicable to the Housing Regulations, the drafters would have needed only to repeat the definition in those regulations; that they would have done so if they had intended the special defi-

nition to apply seems clear from the fact that identical definitions of at least fourteen words or phrases appear in both sets of regulations.

Thus the context of the regulations themselves indicates that no special definition of the word "room" was intended in connection with the Housing Regulations, but that the ordinary meaning of the word was to be used.

There appears to be no previous judicial pronouncement on the question here presented, but this holding is in accord with administrative practice in applying the regulations.

Defendant's motion for summary judgment is granted; plaintiff's motion for summary judgment is denied. An order accordingly may be presented for signature.